1 | RUTAN & TUCKER, LLP
Philip D. Kohn (State Bar No. 90158)
2 | pkohn@rutan.com
611 Anton Boulevard, Suite 1400
3 | Costa Mesa, California 92626-1931
Telephone: 714-641-5100
4 | Facsimile:   714-546-9035

*Exempt From Filing Fees*
*Pursuant to Government Code § 6103*

5 | ANAHEIM CITY ATTORNEY'S OFFICE
Robert J. Tyson (State Bar No. 187311)
6 | rtyson@anaheim.net
200 S. Anaheim Boulevard, Suite 356
7 | Anaheim, California  92805
Telephone:  714-765-5169
8 | Facsimile:   714-765-5123

9 | Attorneys for Defendant
CITY OF ANAHEIM

10 |

11 | UNITED STATES DISTRICT COURT

12 | CENTRAL DISTRICT OF CALIFORNIA

13 |

14 | AmeriCare MedServices, Inc.,

15 | Plaintiff,

16 |

17 | v.

18 |

19 | City of Anaheim and CARE Ambulance
Service, Inc.,

20 | Defendants.

21 |

Case No. 8:16-cv-01703 JLS (AFMx)

*Assigned for All Purposes to:*
*Hon. Josephine L. Staton,*
*United States District Judge*
*Courtroom 10A*

**DEFENDANT CITY OF ANAHEIM'S
NOTICE OF MOTION AND
MOTION TO DISMISS ENTIRE
ACTION; MEMORANDUM OF
SUPPORTING POINTS AND
AUTHORITIES
(F,R,C,P, 12(b)(6))**

Hearing
Date:   March 3, 2017
Time:   2:30 p.m.

Date Action Filed:  September 13, 2016
Trial Date:        None Set

26 | **TO THE HONORABLE COURT AND TO PLAINTIFF AND ITS COUNSEL**

27 | **OF RECORD:**

28 | **PLEASE TAKE NOTICE** that Defendant City of Anaheim will and hereby

Rutan & Tucker, LLP
attorneys at law

130/012377-0181
10481256.1 a12/30/16

-1-
DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS ENTIRE ACTION

1 | does move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss this

2 | action in its entirety.

3 |     A hearing on this motion is hereby set for Friday, March 3, 2017 at 2:30 p.m.

4 | before the Honorable Josephine L. Staton, United States District Judge, in

5 | Courtroom 10A of the above-entitled Court, located at 411 West Fourth Street,

6 | Santa Ana, California 92701.

7 |     This motion is made on the ground that Plaintiff's Amended Complaint fails

8 | to state a claim upon which relief can be granted.

9 |     This motion is made following a conference of counsel pursuant to Local

10 | Rule 7-3, which took place by telephone between counsel on December 1, 2016.

11 |     This motion is based on this Notice of Motion, the attached Memorandum of

12 | Points and Authorities, the pleadings and papers on file in this action, and any

13 | further evidence or argument that may be presented at or before the hearing on this

14 | motion.

15

16 | Dated:  December 30, 2016         RUTAN & TUCKER, LLP
                                           PHILIP D. KOHN

17

18 |                                     ANAHEIM CITY ATTORNEY'S OFFICE
                                    ROBERT J. TYSON

19

20 |                                     By:        /s/ Philip D. Kohn

21 |                                               Philip D. Kohn

22 |                                               Attorneys for Defendant
                                              CITY OF ANAHEIM

23

24

25

26

27

28

Rutan & Tucker, LLP
attorneys at law

130/012377-0181
10481256.1 a12/30/16

-2-

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS ENTIRE ACTION

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION AND SUMMARY OF ARGUMENT ..............................1

II.     BACKGROUND.....................................................................................2

    A.      Relevant California Statutory Authority Framing the Basis for State Action Immunity from Antitrust Liability ...........................2

    B.      The Amended Complaint ........................................................6

III.    CALIFORNIA STATUTES PROVIDE AMPLE AUTHORITY TO CONFER STATE ACTION IMMUNITY AGAINST AMERICARE'S ANTITRUST CLAIMS .......................................................6

    A.      Antitrust Liability and State Action Immunity Generally ...................6

    B.      State Action Immunity Applies to Anaheim's Regulatory Activities Under the State EMS Act ......................................................8

IV.     CONCLUSION ............................................................................................11

Rutan & Tucker, LLP
attorneys at law

130/012377-0181
10481256.1 a12/30/16

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS ENTIRE ACTION

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*A-1 Ambulance Service, Inc. v. County of Monterey*,
   90 F.3d 333 (9th Cir. 1996) .................................................................. 10

*Balistreri v. Pacifica Police Department*,
   901 F.2d 696 (9th Cir. 1990) ................................................................... 2

*City of Columbia v. Omni Outdoor Advertising, Inc.*,
   499 U.S. 365 (1991) .............................................................................. 7

*Community Communications Co. v. City of Boulder*,
   455 U.S. 40 (1982) ........................................................................... 7, 9

*Federal Trade Comm'n v. Phoebe Putney Health System, Inc.*,
   ___ U.S. ___, 133 S.Ct. 1003 (2013) ....................................................... 7

*Gold Cross Ambulance and Transfer v. City of Kansas City*,
   705 F.2d 1005 (8th Cir. 1983), *cert. denied*, 471 U.S. 1003 (1985) ..................... 9

*Lafayette v. Louisiana Power and Light Co.*,
   435 U.S. 389 (1978) ........................................................................... 7, 9

*Mercy-Peninsula Ambulance, Inc. v. County of San Mateo*,
   592 F.Supp. 956 (N.D. Cal. 1984) (*Mercy Peninsula I*) ............................... 3, 8, 9

*Mercy-Peninsula Ambulance, Inc. v. County of San Mateo*,
   791 F.2d 755 (9th Cir. 1986) (*Mercy Peninsula II*) ..........................................9-10

*NicSand, Inc. v. 3M Co.*,
   507 F.3d 442 (6th Cir. 2007) ................................................................... 2

*Parker v. Brown*,
   317 U.S. 341 (1943) .............................................................................. 7

*Redwood Empire Life Support v. County of Sonoma*,
   190 F.3d 949 (9th Cir. 1999) ................................................................. 10

*Springs Ambulance Service, Inc. v. City of Rancho Mirage*,
   745 F.2d 1270 (9th Cir. 1984) ................................................................... 9

Rutan & Tucker, LLP
attorneys at law

130/012377-0181
10481256.1 a12/30/16

-ii-

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS ENTIRE ACTION

**Page(s)**

**FEDERAL CASES (CONT.)**

*Town of Hallie v. City of Eau Claire*,
   471 U.S. 34 (1985) ........................................................................ 7

*Trinity Ambulance Service, Inc. v. G & L Ambulance Service, Inc.*,
   625 F.Supp. 142 (D. Conn. 1985), *aff'd*, 787 F.2d 86 (2d Cir. 1986)................... 9

**STATE CASES**

*Bell v. City of Mountain View*,
   66 Cal.App.3d 332 (1977) ......................................................... 3

*City of Petaluma v. County of Sonoma*,
   15 Cal.App.4th 1239 (1999) ..................................................... 5

*County of San Bernardino v. City of San Bernardino*,
   15 Cal.4th 909 (1997) ........................................................2-3, 5

*Eastburn v. Regional Fire Protection Authority*,
   31 Cal.4th 1175 ...................................................................... 1

*Ma v. City and County of San Francisco*,
   95 Cal.App.4th 488.................................................................. 1

*Subriar v. City of Bakersfield*,
   59 Cal.App.3d 175 (1976) ......................................................... 3

*Valley Medical Transp. v. Apple Valley Fire Protection Dist.*,
   17 Cal.4th 747 (1998)............................................................3, 5

**FEDERAL STATUTES**

15 U.S.C.
   section 1 .............................................................................. 6
   section 2 .............................................................................. 7

**STATE STATUTES**

California Government Code
   section 38794 ....................................................................2, 9

Rutan & Tucker, LLP
*attorneys at law*

130/012377-0181
10481256.1 a12/30/16

-iii-

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS ENTIRE ACTION

**Page(s)**

**STATE STATUTES (CONT.)**

California Health & Safety Code
section 1797 *et seq.*.................................................................... 2
section 1797.6................................................................................ 8
section 1797.6(b) .......................................................................... 10
section 1797.201 .................................................................... 4, 5, 6
section 1797.224 ....................................................................... 4, 5
section 13801 ................................................................................ 1

**RULES**

Federal Rules of Civil Procedure
Rule 12(b)(6) ........................................................................... 2, 8

**Rutan & Tucker, LLP**
*attorneys at law*

130/012377-0181
10481256.1 a12/30/16

-iv-

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS ENTIRE ACTION

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION AND SUMMARY OF ARGUMENT

This case concerns a subject that is a matter of life or death every day to patients faced with acute medical conditions and needs.  It involves the system and personnel that must respond to 911 calls and handle medical emergencies when the difference between a life lost and a life saved may be a matter of seconds or a matter of an instantaneous decision.  The public interest and welfare is so impacted by the provision of emergency ambulance services that the State of California has entered into the field and established a comprehensive system that is specifically intended to displace competition with governmental regulation.

The provision of emergency ambulance services is "at the core of vital civic functions."  *Ma v. City and County of San Francisco*, 95 Cal.App.4th 488, 508, disapproved on other grounds in *Eastburn v. Regional Fire Protection Authority*, 31 Cal.4th 1175, 1184; *see* Cal. Health & Saf. Code § 13801.  Plaintiff AmeriCare MedServices, Inc. (AmeriCare) glosses over the special nature of emergency medical services, instead focusing the rhetoric in its complaint on the virtues of free competition and unregulated open access for the provision of ambulance services in Orange County's cities.  It would be anyone's guess which new or different services might appear when a call for emergency service is made were the injunctive relief sought by AmeriCare to be granted.  AmeriCare alleges that federal antitrust laws compel this chaotic and life threatening consequence.  AmeriCare is in error in so interpreting federal antitrust laws as well as relevant California statutes.

For decades, Defendant City of Anaheim (Anaheim), in accordance with express authorization conferred by state law, has entered into exclusive arrangements – not with AmeriCare – for the provision of prehospital emergency ambulance services within its jurisdictional boundaries.  Anaheim declined the recent request of AmeriCare to be placed into a "rotation" to provide such service.

Rutan & Tucker, LLP
attorneys at law

130/012377-0181
10481256.1 a12/30/16

AmeriCare commenced this litigation, asserting that Anaheim's action violates federal antitrust laws.

AmeriCare fails to state a claim for relief under federal antitrust laws because of the longstanding "state action immunity" doctrine established by the U.S. Supreme Court.  In short, federal antitrust laws simply do not apply where, as here, a local government agency is acting pursuant to a clearly articulated and affirmatively expressed state policy to displace competition.  Courts have so held in the specific context of local regulation of emergency ambulance services, and the same outcome is mandated in this case.

Rule 12(b)(6) of the Federal Rules of Civil Procedure requires that AmeriCare state facts sufficient to assert a claim upon which relief can be granted.  Where, as here, an action lacks a cognizable legal theory, it must be dismissed.  *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990); *see NicSand, Inc. v. 3M Co.*, 507 F.3d 442, 450 (6th Cir. 2007) ["courts have been 'reasonably aggressive' in weeding out meritless antitrust claims at the pleading stage"].

## II.  BACKGROUND

A.  Relevant California Statutory Authority Framing the Basis for State Action Immunity from Antitrust Liability

The right of municipalities to make provision for ambulance services within their boundaries is well established in California.  "The legislative body of a city may contract for ambulance service to serve the residents of the city as convenience requires."  (Cal. Gov't Code § 38794.)

The Emergency Medical Services System and Prehospital Emergency Medical Care Personnel Act (State EMS Act), codified at California Health & Safety Code section 1797 *et seq.*, lies at the heart of this action.  The State EMS Act was adopted by the California Legislature in 1980 for the purpose of governing aspects of the statewide emergency medical services system at the state, county, and local levels.  *County of San Bernardino v. City of San Bernardino*, 15 Cal.4th 909,

Rutan & Tucker, LLP
attorneys at law

130/012377-0181
10481256.1 a12/30/16

-2-

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS ENTIRE ACTION

915-916 (1997). Importantly, the State EMS Act was specifically designed "to displace competition in the field of emergency medical care and paramedic services" with governmental regulation. *Mercy-Peninsula Ambulance, Inc. v. County of San Mateo*, 592 F.Supp. 956, 963 (N.D. Cal. 1984) (*Mercy Peninsula I*).[1]

The State EMS Act permits counties to develop an emergency medical services program, and each county developing such a program is required to designate a local emergency services agency (LEMSA) to administer the program. The County of Orange has designated its Health Care Agency as the LEMSA. (See Amended Complaint (Am. Compl.) [Dkt. #19], ¶ 12.) The County is authorized to control the process for bidding and awarding contracts for ambulance services to ***non-exempt*** cities within the County, including the creation of exclusive operating areas. However, Anaheim is an ***exempt*** city, having historically administered its own emergency medical services systems since at least 1980.

A key feature of the State EMS Act is to authorize the establishment of exclusive operating areas and the selection of service providers to be the exclusive operators within those areas. "Such authorization was necessary to immunize the agencies from liability under the United State Supreme Court's then recent decision holding that local governments granting monopolies would not be exempt from antitrust laws unless they acted pursuant to 'clearly articulated and affirmatively expressed' state policy." *County of San Bernardino*, *supra*, 15 Cal.4th at 917-918. In turn, the creation of exclusive operating areas was viewed as necessary "to offer private emergency service providers protection from competition in profitable, populous areas in exchange for the obligation to serve unprofitable, more sparsely populated areas." *Valley Medical Transp. v. Apple Valley Fire Protection Dist.*, 17 Cal.4th 747, 759 (1998).

---

[1] In fact, California courts upheld the authority of cities to grant exclusive market rights to deliver ambulance services within their boundaries even before the State EMS Act was adopted. *E.g., Bell v. City of Mountain View*, 66 Cal.App.3d 332, 339-340 (1977); *Subriar v. City of Bakersfield*, 59 Cal.App.3d 175, 202-206 (1976).

Rutan & Tucker, LLP
attorneys at law

130/012377-0181
10481256.1 a12/30/16

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS ENTIRE ACTION

1    Another key feature of the State EMS Act is its recognition that as of the time

2  of its enactment, many municipalities already had historical arrangements for the

3  provision of their own emergency medical services.  For such municipalities, like

4  Anaheim, the State EMS Act intended to protect their right to continue the

5  administration of their prehospital emergency medical services.  In brief, the State

6  EMS Act declares that these arrangements shall remain in place absent an

7  affirmative declaration of a city's intent to enter into a contract with the relevant

8  LEMSA to transfer the responsibility for administration of its services.

9    Under California Health & Safety Code section 1797.224, exclusive market

10  rights may only be awarded for areas within a LEMSA's jurisdiction to a provider

11  that has been selected through a competitive process or to a provider that has

12  operated in the "same manner and scope" since January 1, 1981.  If neither of these

13  conditions is met, any qualified provider must be allowed to operate within the

14  LEMSA's jurisdiction.

15    However, the foregoing rules do not apply to certain cities, including

16  Anaheim, that have retained the administration of their own emergency medical

17  services systems since June 1, 1980.  California Health & Safety Code section

18  1797.201 declares:

19    Upon the request of a city ... that contracted for or provided, as of
     June 1, 1980, prehospital emergency medical services, a county

20    shall enter into a written agreement with the city ... regarding the
     provision of prehospital emergency medical services for that city ....

21    *Until such time that an agreement is reached, prehospital*
     *emergency medical services shall be continued at not less than the*

22    *existing level, and the administration of prehospital EMS by cities*
     *... presently providing such services shall be retained by those*

23    *cities* ....

24  (Emph. added.)  The plain wording of this statute allows qualifying cities to

25  continue to contract for or provide their own ambulance and other emergency

26  medical services if they have not entered into an agreement with the LEMSA

27  explicitly ceding control to the LEMSA for such matters.  The California Supreme

28  Court recognizes that the decision of a city to enter into an agreement with the

Rutan & Tucker, LLP
attorneys at law

130/012377-0181
10481256.1 a12/30/16

1  LEMSA is voluntary, and there is no statutory duty imposed on a city for requesting
2  or reaching an agreement. *County of San Bernardino*, *supra*, 15 Cal.4th at 922.

3       Notably, the last sentence of California Health & Safety Code section
4  1797.224 reads" "Nothing in this section supersedes Section 1797.201." Thus,
5  while section 1797.224 speaks to the ability of a LEMSA to create exclusive
6  operating areas, "the ability to create [exclusive operating areas] in Section
7  1797.224 is made expressly subject to [Section 1797.201], and therefore ***would not***
8  ***permit a county or EMS agency to unilaterally displace a city ... continuing to***
9  ***operate emergency medical services***." *Valley Medical Transp.*, *supra*, 17 Cal.4th at
10 759 (emph. added); *County of San Bernardino*, *supra*, 15 Cal.4th at 924 [a county
11 cannot "contravene the authority of eligible [*i.e.*, grandfathered] cities … to continue
12 the administration of their prehospital EMS without the latter's consent"], and at
13 932 ["a local EMS agency's ability to create [exclusive operating areas] may not
14 supplant the cities' ... ability to control EMS operations over which they historically
15 exercised control"]; see also *City of Petaluma v. County of Sonoma*, 15 Cal.App.4th
16 1239, 1244 (1999).

17      The State EMS Act jealously guards the right of a grandfathered local agency
18 under California Health & Safety Code section 1797.201 to continue providing
19 prehospital emergency medical services. Such a provider "loses" its right to do so
20 only by express written consent or acquiescence. *County of San Bernardino*, *supra*,
21 15 Cal.4th at 924.

22      In sum, cities that have retained their right to administer their own emergency
23 medical services systems under California Health & Safety Code section 1797.201
24 are ***not*** subject to the requirements of section 1797.224. Cities enjoying section
25 1797.201 protection, such as Anaheim, are free to contract with any qualified
26 company they choose and/or determine to provide the services themselves.
27 / / /
28 / / /

Rutan & Tucker, LLP
*attorneys at law*

130/012377-0181
10481256.1 a12/30/16

-5-

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS ENTIRE ACTION

### B.   The Amended Complaint

AmeriCare concedes that from and after June 1, 1980, Anaheim has entered into exclusive arrangements with ambulance companies to provide prehospital emergency medical services within the city.  (Am. Compl., ¶¶ 26-28.)  AmeriCare alleges that Anaheim "has refused to place any other private ambulance company in the rotation for service calls" (*id*., ¶ 36), including the denial of a specific request of AmeriCare on the basis that Anaheim has retained the authority to arrange for exclusive emergency ambulance transportation services within its territorial limits pursuant to state law (*id*., ¶¶ 37-40, and Exhs. B & C).

AmeriCare does not challenge the validity or interpretation of the provisions of the State EMS Act at issue.  Nor does AmeriCare allege that Anaheim forfeited its California Health & Safety Code section 1797.201 right by explicit consent or intentional acquiescence.  Rather, AmeriCare merely asserts that federal antitrust laws do not allow Anaheim to exercise its rights authorized under the State EMS Act to enter into exclusive contracts with ambulance service providers of the City's choosing.  And on that basis, AmeriCare seeks monetary, injunctive, and declaratory relief on claims that Anaheim has engaged in monopolization, attempted monopolization, and conspiracy to monopolize in violation of Section 2 of the Sherman Act, and in a conspiracy to restrain trade in violation of Section 1 of the Sherman Act.

## III.   **CALIFORNIA STATUTES PROVIDE AMPLE AUTHORITY TO CONFER STATE ACTION IMMUNITY AGAINST AMERICARE'S ANTITRUST CLAIMS**

### A.   Antitrust Liability and State Action Immunity Generally

Section 1 of the Sherman Act states:  "Every contract, combination ..., or conspiracy, in restraint of trade or commerce ... is declared to be illegal." (15 U.S.C. § 1.)  Section 2 of the Sherman Act states:  "Every person who shall monopolize, or attempt to monopolize, or combine or conspire with any other

Rutan & Tucker, LLP
attorneys at law

130/012377-0181
10481256.1 a12/30/16

1    person or persons, to monopolize any part of the trade or commerce ... shall be

2    deemed guilty of a felony." (15 U.S.C. § 2.)

3    In *Parker v. Brown*, 317 U.S. 341 (1943), the U.S. Supreme Court established

4    the doctrine commonly known and referred to as state action immunity to exempt

5    certain otherwise anticompetitive governmental activities from antitrust liability

6    under the Sherman Act. The gravamen of state action immunity is that the Sherman

7    Act was not intended to restrain a state (acting "as sovereign") and its officers and

8    agents from activities authorized and controlled by the state's legislature that restrict

9    or otherwise regulate competition. Since *Parker*, the Supreme Court has further

10   developed and refined the test for determining when to apply the doctrine, including

11   its application to the regulatory activities of local governments acting pursuant to

12   and in accordance with state law authority. *E.g., Lafayette v. Louisiana Power and*

13   *Light Co.*, 435 U.S. 389 (1978); *Community Communications Co. v. City of Boulder*,

14   455 U.S. 40 (1982); *Town of Hallie v. City of Eau Claire*, 471 U.S. 34 (1985); *City*

15   *of Columbia v. Omni Outdoor Advertising, Inc.*, 499 U.S. 365 (1991).

16   In its current iteration, the state action immunity doctrine encompasses a

17   municipality's actions that restrict trade if those activities "are undertaken pursuant

18   to a 'clearly articulated and affirmatively expressed' state policy to displace

19   competition." *Federal Trade Comm'n v. Phoebe Putney Health System, Inc.*, ___

20   U.S. ___, 133 S.Ct. 1003, 1011 (2013). Distilling its prior decisions, the Supreme

21   Court observed that the local agency must have been "delegated authority to act or

22   act or regulate anticompetitively," and that "the State must have affirmatively

23   contemplated the displacement of competition." *Id*. at 1012-1013.[2] As

24   demonstrated below, the State EMS Act fully satisfies the Supreme Court's

25   requirements for the invocation and application of state action immunity to Anaheim

26   with regard to its regulation of emergency ambulance services.

27

28   [2] On the other hand, local agency defendants are not subject to the "active state
     supervision requirement" as would be applicable to private entities. *Id*. at 1011.

Rutan & Tucker, LLP
attorneys at law

130/012377-0181
10481256.1 a12/30/16

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS ENTIRE ACTION

B.     <u>State Action Immunity Applies to Anaheim's Regulatory Activities Under the State EMS Act</u>

The Court need not "reinvent the wheel" for the issues raised by Anaheim's motion as this is not the first instance in which a disgruntled ambulance company has asserted federal antitrust law claims against a municipality that has selected an exclusive service provider in accordance with the State EMS Act.  To be sure, there are multiple reported decisions confirming that AmeriCare's claims are not viable as a matter of law.

Additionally, the California Legislature has made its intentions clear.  In 1984, the State EMS Act was amended to add California Health & Safety Code section 1797.6 to read as follows::

> (a)  It is the policy of the State of California to ensure the provision of effective and efficient emergency medical care.  The Legislature finds and declares that achieving this policy has been hindered by the confusion and concern in the 58 counties resulting from the United States Supreme Court's holding in *Community Communications Company, Inc. v. City of Boulder, Colorado*, 455 U.S. 40, 70 L. Ed. 2d 810, 102 S. Ct. 835, regarding local governmental liability under federal antitrust laws.
>
> (b)  It is the intent of the Legislature in enacting this section and Sections 1797.85 and 1797.224 to prescribe and exercise the degree of state direction and supervision over emergency medical services *as will provide for state action immunity under federal antitrust laws for activities undertaken by local governmental entities in carrying out their prescribed functions under this division*.

(Emph. added.)

In *Mercy Peninsula I*, *supra*, 592 F.Supp. 956, a county and others were sued by an ambulance service provider that had not been selected for primary emergency ambulance service.  The plaintiff claimed violations of Sections 1 and 2 of the Sherman Act.  The defendants moved to dismiss under Rule 12(b)(6) on the basis they were exempt from antitrust liability under the state action immunity doctrine pursuant to an express state policy to displace competition.

The district court granted the county's motion "with respect to conduct in which it allegedly engaged subsequent to January 1, 1981." 592 F.Supp. at 967.

Rutan & Tucker, LLP
attorneys at law

130/012377-0181
10481256.1 a12/30/16

-8-

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS ENTIRE ACTION

Declaring that "[t]here is no doubt that the [State EMS Act] establish[es] a policy to displace competition in the field of medical care and paramedic services" (*id.* at 963), the district court further held that the California Legislature "clearly" contemplated that the State EMS Act would result in regulations and restrictions that are anticompetitive in nature (*id.* at 963-964). Thus, the county is "immune from antitrust liability for conduct undertaken after January 1, 1981, when the [State] EMS Act took effect." *Id.* at 964.[3]

Two months later, the Ninth Circuit Court of Appeals issued its opinion in *Springs Ambulance Service, Inc. v. City of Rancho Mirage*, 745 F.2d 1270 (9th Cir. 1984). There, "[a] private ambulance company which had effectively been barred from the emergency ambulance market" in three desert cities brought suit under federal antitrust laws. *Id.* at 1271. The district court denied the cities' motions to dismiss the action on the ground of state action, and the cities appealed after the court certified its ruling as a controlling issue of law suitable for immediate appeal.

The Ninth Circuit reversed. The court recognized that California Government Code section 38794 "statute affirmatively authorizes cities to provide ambulance services to their residents." 745 F.2d at 1273. And while "[t]he statute does not, in so many words, also authorize cities to abolish competition from private ambulance companies ... *Lafayette* and *Boulder* do not require that the state authorization be so bald." *Ibid.* The court found it "was surely within the contemplation of the legislature when it enacted Gov't Code § 38794" that private ambulance companies would be excluded as a "necessary," "reasonable" and "foreseeable" consequence of establishing a local emergency ambulance service system." *Id.* at 1273, 1274.

The Ninth Circuit revisited the subject two years later in *Mercy-Peninsula*

---

[3] The court cited approvingly the then pending decision in *Gold Cross Ambulance and Transfer v. City of Kansas City*, 705 F.2d 1005, 1013 (8th Cir. 1983), *cert. denied*, 471 U.S. 1003 (1985), which held that the state policy at issue contemplated the displacement of competition when necessary or reasonable in engaging in the authorized regulation of ambulance services. *See also Trinity Ambulance Service, Inc. v. G & L Ambulance Service, Inc.*, 625 F.Supp. 142, 143-144 (D. Conn. 1985), *aff'd*, 787 F.2d 86 (2d Cir. 1986).

Rutan & Tucker, LLP
attorneys at law

130/012377-0181
10481256.1 a12/30/16

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS ENTIRE ACTION

1    *Ambulance, Inc. v. County of San Mateo*, 791 F.2d 755 (9th Cir. 1986) (*Mercy*

2    *Peninsula II*) when it affirmed the district court's dismissal of the action because the

3    challenged conduct enjoys state action immunity under the antitrust laws.  The court

4    reviewed the provisions of the State EMS Act discussed above, concluding that the

5    Act "expressly authorize[s] a monopoly for paramedic services.  [¶]  There can thus

6    be no question that the statute's authorization for the counties to contract for

7    paramedic services, and to regulate those who can provide them, has a foreseeably

8    anti-competitive effect which excludes some potential service providers."  791 F.2d

9    at 758.  "Furthermore, the California Legislature has realized that the EMS Act

10   reduces competition among providers of emergency medical services and might

11   generate antitrust litigation.  Section 1797.6(b) of the Act now expressly states the

12   legislature's intent to exercise a sufficient degree of state direction to provide 'state

13   action immunity under federal antitrust law' to local agencies in carrying out the

14   functions authorized by the Act." *Ibid.*

15          In short, reported cases reflect an unbroken, consistent application of the U.S.

16   Supreme Court's state action immunity doctrine to defeat the assertion of  federal

17   antitrust law claims challenging local agency ambulance regulations authorized

18   under the State EMS Act that have the effect of displacing competition.[4]  The action

19   at hand should be no exception.

20          In a last ditch effort to avoid the obvious need for dismissal of this action,

21   AmeriCare posits the conclusory allegation that state action immunity cannot be

22   applicable because Anaheim is a "market participant."  (*E.g.*, Am. Compl., ¶¶ 59,

23   68, 79, 89.)  There is no factual support for the suggestion.  No court has adopted

24   this proposition as a rule of law.  Nor is any court likely to do so when a local

25   agency is acting in its authorized regulatory (versus proprietary) capacity in

26   providing traditional, vital public services.

27

28   [4]    Further examples include *Redwood Empire Life Support v. County of Sonoma*,
     190 F.3d 949 (9th Cir. 1999) and *A-1 Ambulance Service, Inc. v. County of
     Monterey*, 90 F.3d 333 (9th Cir. 1996).

Rutan & Tucker, LLP
attorneys at law

130/012377-0181
10481256.1 a12/30/16

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS ENTIRE ACTION

IV.    **CONCLUSION**

AmeriCare's ardor for free competition and unregulated open access to the Anaheim market for emergency ambulance services reflects a fundamental misunderstanding of the special nature of emergency ambulance services and the comprehensive network of California law governing the provision of those services. While AmeriCare would have this Court view emergency ambulance services as the equivalent of generic courier or transportation services, the patients whose lives are at risk expect and deserve more.  And the California Legislature has expressly authorized local agencies like Anaheim to do more, including regulatory activities that restrict or even altogether displace competition such as exclusive service provision arrangements, without fear of creating exposure to liability under federal antitrust laws.  The state action immunity doctrine established by the U.S. Supreme Court has been specifically invoked and applied to the local regulation of emergency ambulance services.  AmeriCare's effort to make an end-run around the longstanding, well established jurisprudence in this field must be rejected.

For the reasons discussed above, and in the similar motions filed by the defendants in the other related actions pending before this Court, Anaheim respectfully submits that AmeriCare has failed to state a claim upon which relief can be granted and, therefore, the Motion to Dismiss should be granted as to the entirety of the action.  Because the deficiency of AmeriCare's Amended Complaint is fatal as a matter of law and cannot be cured by further amendment, Anaheim further respectfully requests that its Motion to Dismiss be granted without leave to amend.

Dated:  December 30, 2016           RUTAN & TUCKER, LLP
                                    PHILIP D. KOHN


                            By:        /s/ Philip D. Kohn
                                   Philip D. Kohn
                                   Attorneys for Defendant
                                   CITY OF ANAHEIM

Rutan & Tucker, LLP
attorneys at law

130/012377-0181
10481256.1 a12/30/16

-11-
DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS ENTIRE ACTION